**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH DAKOTA**



CHARLES L. NAIL, JR.
BANKRUPTCY JUDGE

---

FEDERAL BUILDING AND UNITED STATES POST OFFICE
225 SOUTH PIERRE STREET, ROOM 211
PIERRE, SOUTH DAKOTA 57501-2463

TELEPHONE: (605) 945-4490
FAX: (605) 945-4491

September 21, 2010

Stan H. Anker, Esq.
Attorney for Debtors
1301 West Omaha Street, Suite 207
Rapid City, South Dakota 57701

Jared F. Maher
705 West Boulevard
Rapid City, South Dakota 57701

Rev. Arley Ellingson and William Ellingson
627 Fairmont Place
Rapid City, South Dakota 57701

> Subject: *In re James Jeffrey Shroll and Paige Kelly Shroll*
> Chapter 7, Bankr. No. 10-50215

Dear Mr. Anker, Mr. Maher, Rev. Ellingson, and Mr. Ellingson:

The matter before the Court is the Motion for Order Directing Clerk of Court to Discharge Judgments Voided in Bankruptcy filed by Debtors James Jeffrey Shroll and Paige Kelly Shroll. This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and subsequent order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c). As set forth below, Debtors' motion will be granted.[1]

**Summary.** Jared Maher ("Maher") obtained a judgment against James Shroll in state court for $1,500.00 plus costs and interest on March 18, 2009. Arley Ellingson and William Ellingson obtained a judgment against James Shroll in state court for $6,160.00 plus costs and interest on January 6, 2010. James Jeffrey Shroll and Paige Kelly Shroll ("Debtors") subsequently filed for relief under chapter 7 of the bankruptcy code and listed Maher and the Ellingsons as unsecured creditors on their schedule of liabilities (doc. 1).

The bankruptcy clerk served a notice of commencement of the case (doc. 8) on Debtors' creditors, including Maher and the Ellingsons. The notice of commencement of the case stated the deadline for filing a complaint objecting to Debtors' discharge or to determine the dischargeability of a particular debt was August 23, 2010.

Neither Maher, the Ellingsons, nor any of Debtors' other creditors timely filed a complaint objecting to Debtors' discharge or to determine the dischargeability of a

---

[1] The relevant facts are not in dispute. The issue presented is purely a question of law. Thus, no hearing was held.

Re:  *James Jeffrey Shroll and Paige Kelly Shroll*
September 21, 2010
Page 2

particular debt.  Debtors were therefore granted a discharge under § 727 of the bankruptcy code on August 25, 2010 (doc. 23).

Debtors filed a Motion for Order Directing Clerk of Court to Discharge Judgments Voided in Bankruptcy (doc. 25).  Maher's and the Ellingsons' judgments were listed in Debtors' motion.  Maher and the Ellingsons filed objections (docs. 26 and 28) to Debtors' motion, in which they stated Debtor James Shroll's failure to complete contracted work on their homes caused them financial hardship when they had to hire others to finish the work Shroll had started.  Maher and the Ellingsons specifically alleged Debtor James Shroll had defrauded them in his representations to them, and they asked the Court not to discharge their claims and attendant judgments.

**Discussion**.  Section 524(a)(1) of the bankruptcy code provides:

A discharge in a case under this title –

> voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived[.]

Section 524(a)(1) does not require the debtor to do anything to void a judgment.  The discharge *automatically* voids any judgment that represents a determination of the debtor's personal liability for a debt that has been discharged.

Section 15-16-20 of the South Dakota code establishes the procedure for removing such a judgment from the records of the clerk of court for the county in which the judgment was docketed.  When a debtor receives a bankruptcy discharge, the debtor may file a motion in the bankruptcy court for an order listing each state court judgment that has been voided.  Upon receipt of the bankruptcy court's order, the clerk of court must enter the order in the judgment docket.  This has the effect of discharging the listed judgments from and after that date.

In this case, Maher and the Ellingsons received notice of Debtors' bankruptcy case.  They did not timely object to Debtors' discharge or to the dischargeability of their particular claims.  Their claims were therefore discharged on August 25, 2010, and their judgments were automatically voided on that same date.  Debtors are thus entitled to the relief requested in their motion.  The Court will enter an appropriate order.

On the above date, a copy of this document was mailed or faxed to the parties shown on the attached service list.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

**NOTICE OF ENTRY**
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

CLN:sh

cc:  case file (docket original; serve parties in interest)

Jared F. Maher
705 West Boulevard
Rapid City, South Dakota 57701

Rev. Arley Ellingson and William Ellingson
627 Fairmont Place
Rapid City, South Dakota 57701

James Jeffrey Shroll
116 Cleveland Street
Rapid City, SD 57701

Paige Kelly Shroll
116 Cleveland Street
Rapid City, SD 57701

First Interstate Bank
PO Box 40
Casper, WY 82602


Wells Fargo Financial South Dakota, Inc
4137 121st Street
Urbandale, IA 50323